UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HUGH CRUMPLER, III,

    Petitioner,

-vs-                                            Case No. 6:11-cv-1404-Orl-31KRS
                                          (Criminal Case No.: 6:10-cr-127-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER**

This case involves a second amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Hugh Crumpler, III (Doc. No. 13). The Government filed a response (Doc. No. 22) to the second amended section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply (Doc. No. 24) and a supplemental reply (Doc. No. 27) to the response.

Petitioner alleges one claim for relief in his motion: he received ineffective assistance of counsel.

*I.    Procedural History*

Petitioner was charged in a two-count information with unlicensed firearms dealing and possession of unregistered firearms (Criminal Case No. 6:10-cr-127-Orl-

31KRS, Doc. No. 1).[1] Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to both counts (Criminal Case Doc. No. 3). Petitioner entered his plea of guilty before Magistrate Judge Karla R. Spaulding, who filed a Report and Recommendation Concerning Plea of Guilty recommending that the plea agreement and the plea of guilty be accepted and that Petitioner be adjudicated guilty and have sentence imposed accordingly (Criminal Case Doc. No. 18).

This Court then entered an Acceptance of Plea of Guilty and Adjudication of Guilt in which the pleas of guilty to counts one and two were accepted and Petitioner was adjudged guilty of the offenses (Criminal Case Doc. No. 25). A sentencing hearing was later conducted, and the Court subsequently entered a Judgment in a Criminal Case in which Petitioner was adjudicated guilty of the offenses and sentenced to imprisonment for a total term of thirty months, to be followed by supervised release for a total term of two years (Criminal Case Doc. No. 32). Petitioner did not file a direct appeal.

## II. Analysis

### A. *Petitioner's Claim*

Petitioner contends that he received ineffective assistance of counsel because of the following: (1) trial counsel advised Petitioner to sign the plea agreement "before

---

[1] Criminal Case No.6:10-cr-127-Orl-31KRS will be referred to as "Criminal Case." Petitioner waived prosecution by indictment. *See* Criminal Case Doc. No. 2.

viewing discovery"; (2) trial counsel did not interview "any ATF Agent[s] prior to sentencing"; (3) trial counsel did not "return calls to any ATF Agent"; (4) trial counsel "was aware many items on the plea agreement were not [Petitioner's] to surrender but advised [Petitioner] to sign the plea agreement as presented"; (5) trial counsel was ineffective in the plea bargaining process because "the original plea agreement as originally presented by the U.S. Attorney was signed"; (6) trial counsel had no knowledge of firearms, the ATF, or ATF procedures"; (7) trial counsel was "intimidated by the process"; (8) trial counsel "did not call all of [Petitioner's] witnesses"; (9) trial counsel "did not ask [Petitioner's] witnesses the questions he told them he was going to ask them"; (10) trial counsel "concluded [Petitioner's] portion of the sentencing hearing because the Judge did not want a continuance"; (11) trial counsel failed to object to "ATF's use of GPS tracking devices of [Petitioner's] whereabouts without his permission or Court authorization"; and (12) trial counsel failed to request "recordings and/or notes of meeting between [Petitioner] and ATF agents." *See* Doc. No. 13 at 4-5.

B.   *Claims Two, Three, and Six through Twelve*

The Government argues that, as a result of the terms of the plea agreement, Petitioner has waived the right to appeal his sentence, directly or collaterally, and, therefore, the claims raised in his section 2255 motion should be denied.

A defendant's knowing and voluntary waiver of the right to appeal his sentence will be enforced. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). Moreover, a valid sentence-appeal waiver, entered into voluntarily and knowingly

3

pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). An appeal waiver will be enforced if the Government demonstrates either that: 1) the Court specifically questioned the defendant about the waiver during the plea colloquy, or 2) the record clearly shows that the defendant "otherwise understood the full significance of the waiver." *Id.* at 1341 (quotation omitted) (citation omitted). Therefore, a petitioner's knowing and voluntary waiver in the plea agreement generally bars him from pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself. *See Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007) (a valid sentence-appeal waiver precludes both direct appeal and collateral review of both the sentence and conviction but does not bar a claim explicitly challenging the validity of the guilty plea or the appeal waiver based on ineffective assistance of counsel).

As discussed above, Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 3). Pursuant to the agreement, Petitioner agreed:

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth

4

> Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

*Id.* at 21-22 (emphasis in original). Petitioner agreed that he was entering into the plea agreement freely, voluntarily, and not in exchange for any promises, other than those contained in the plea agreement. *Id.*

At the guilty plea hearing, the Court informed Petitioner as follows:

> Under the plea agreement you're giving up some of your rights to appeal from or collaterally challenge a mistake in your sentence. You can only do that if the sentence is above the guideline range as determined by the Court, the sentence is more than the maximum allowed by the law, the sentence violates the Eighth Amendment to the Constitution, which is your protection against cruel and unusual punishment, or if the United States appeals then you could appeal for any reason.

*See* Transcript of Change of Plea Hearing at 25. Petitioner stated that he understood. *Id.* Petitioner also stated that he had not been threatened into pleading guilty, that he had read and discussed the plea agreement with his attorney, that the plea agreement contained all the promises he had made to the Government and all the promises the Government had made to him, and that he was entering his guilty plea freely and voluntarily. *Id.* at 17-19, 25-26, 37.

As set forth above, the Court addressed the appeal/collateral waiver during the change of plea hearing, and a review of the record reveals that Petitioner understood the full significance of his waiver of collateral relief. The Court conducted a thorough and comprehensive plea colloquy. Consequently, the Court concludes that the plea

5

agreement and the waiver were knowing and voluntary. As a result, because the plea and the waiver were knowingly, intelligently, and voluntarily entered, the waiver provision in Petitioner's plea agreement precludes this Court from considering claims, two, three, and six through twelve, and, therefore, they are denied.

C.   *Claims One, Four, and Five*

   a.   *Claim One*

Petitioner asserts that trial counsel advised him to sign the plea agreement "before viewing discovery."

Petitioner has not shown any information that would have been obtained from "viewing discovery" or whether such information, assuming its admissibility in court, would have produced a different result. Petitioner must provide evidence, not mere conclusory allegations, that counsel would have found exculpatory information from viewing discovery. C*f. Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation). In the present case, Petitioner 's bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995). Therefore, the Court determines that counsel's conduct was reasonable with regard to this claim and that Petitioner has not demonstrated prejudice.

b.     *Claims Four and Five*

Petitioner states as follows: in claim four, that trial counsel "was aware many items on the plea agreement were not [Petitioner's] to surrender but advised [Petitioner] to sign the plea agreement as presented"; and, in claim five, that trial counsel was ineffective in the plea bargaining process because "the original plea agreement as originally presented by the U.S. Attorney was signed."

Petitioner's allegations with regard to these claims are vague and are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993). Petitioner "must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *See United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1988). Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura*, 875 F. Supp. at 237. Further, Petitioner's "failure to specify his allegations does not meet the requirement of *Strickland*." *Cranshaw*, 817 F. Supp. at 728. As a result, Petitioner has failed to satisfy either prong of the *Strickland* test, and these claims must fail.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.[1]

---

[2]To the extent that Petitioner has raised claims in his replies that were not raised in this second amended section 2255 motion, the Court finds that those claims are procedurally barred because they were not raised in a direct appeal. *See Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990) ("In a section 2255 federal habeas motion, a

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The second amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Hugh Crumpler, III (Doc. No. 13) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:10-cr-127-Orl-31KRS.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 46) filed in criminal case number 6:10-cr-127-Orl-31KRS.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

movant may not raise claims that were not presented on direct appeal unless he can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors.").

[3]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28

8

**DONE AND ORDERED** in Orlando, Florida, this 25th day of October, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 10/25
Hugh Crumpler, III
Counsel of Record

---

U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.